UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VERTEX ENERGY OPERATING, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-CV-3901 |
| | § | |
| PENTHOL LLC, | § | |
| | § | |
| *Defendant,* | § | |

**DEFENDANT'S MOTION TO DISSOLVE TEMPORARY INJUNCTION**

Defendant Penthol LLC ("Penthol") respectfully files this Motion to Dissolve Temporary Injunction. Because the injunction is causing immediate and irreparable harm to Penthol, Penthol is simultaneously filing a Motion for Emergency/Expedited Hearing.

This case involves Plaintiff Vertex Energy Operating, LLC ("Vertex"), an independent sales representative, using the state courts to seize control of Penthol's business. Under the temporary injunction (the "Temporary Injunction") signed November 11, 2020 by the 61st Judicial District Court of Harris County, Texas (the "State Court"), Penthol cannot independently communicate with its customers or promote its products. If prospective customers contact Penthol regarding its products, Penthol must refer them to Vertex, Penthol's competitor.

The Temporary Injunction has no basis in the parties' contract. At the temporary injunction hearing, ███████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

The Temporary Injunction is indefensible, and, as the Motion for Emergency/Expedited Hearing explains, is causing Penthol immediate and irreparable injury. This Court should dissolve it for several reasons.[2] First, the State Court prevented Penthol from calling witnesses or presenting evidence at the hearing, thereby violating fundamental norms of due process. Second, Vertex failed to prove that it would suffer irreparable harm without an injunction. Third, the injunction conflicts with the Texas Supreme Court's black-letter authority. Finally, the injunction addresses issues that were not discussed during the hearing and that are not supported by evidence.

## BACKGROUND

Penthol is the exclusive North American distributor of Group III Base Oils made by the Abu Dhabi National Oil Company ("ADNOC"). Because only a small quantity of Group III Base Oils are produced in the United States, the majority must be imported. ECF No. 12 ¶ 98. Since 2016, Penthol has distributed ADNOC Base III product (referred to as the "Product" in the Agreement). ECF No. 12 ¶ 96. In 2016, Penthol began strategizing how it would introduce and distribute the Product in the United States. ECF No. 12 ¶ 99.

Rather than establish a full working office in the United States, Penthol hired Vertex Refining Ohio, LLC (later replaced by Vertex Energy Operating, LLC), which at that time

---

[1] Because the hearing transcript contains confidential information, Penthol submits a redacted copy of the transcript as Exhibit A to this motion. An unredacted copy of the transcript is attached as part of Exhibit 1 to Penthol's Unopposed Motion for Leave to File Documents Under Seal.

[2] Because the injunction was ordered by a state court before removal, Penthol cannot appeal it to the Fifth Circuit. This Court must dissolve the injunction or (by refusing to dissolve it) adopt the Temporary Injunction as its own order.

primarily sold recycled Group II Base Oils, to provide marketing and logistics assistance. ECF

No. 12 ¶¶ 99-101.

███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████

███████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████

██████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████

---

[3] A copy of the Agreement was attached as part of Exhibit 2 to Penthol's November 17, 2020 Motion for Leave to File Documents Under Seal, (ECF No. 2), which motion the Court has since granted. ECF No. 5.

Nevertheless, on October 13, 2020, Vertex filed a Verified Original Petition and Application for Temporary Restraining Order and Temporary and Permanent Injunction. ECF No. 1-2. Vertex asserted a cause of action for breach of contract, claiming, among other things, that Penthol breached the Agreement by contacting its own customers and by harming Vertex's reputation.[4] *Id.*

On November 10, the State Court held a hearing on the request for temporary injunction. Penthol was not permitted to call witnesses or present evidence. ██████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████

███████████████████████████████████████████████████

███████████████ Plaintiff filed a proposed order later that day. On November 11, Penthol filed objections to Plaintiff's proposed order, further noting that numerous provisions included in the proposed Temporary Injunction were not supported by any evidence presented at the hearing.[5] Without addressing the objections, the State Court signed the Temporary Injunction Order on November 11. ECF No. 1-7.

Under the Temporary Injunction:

- Penthol shall not, and shall cause its Affiliates not to, market, promote, or solicit the sale of the Product in North America;

---

[4] The Ancillary Court granted Vertex's request for temporary restraining order on October 13. ECF No. 1-3. In accordance with Texas law, the TRO was set to expire 14 days later, on October 27. *Id.* On October 28, after expiration of the TRO and over Penthol's objection, the State Court purported to "extend" the (expired) TRO through November 11, relying on COVID-related orders issued by the Texas Supreme Court to disregard ordinary rules of procedure. ECF No. 1-6.

[5] Copies of Vertex's proposed order, and Penthol's objections are attached as Exhibits B and C to this motion.

- Penthol shall not communicate with customers to solicit sales of, market, or promote the Product in North America, with said customers defined as those that have purchased the Product from Penthol in North America since the execution of the Agreement and Exxon Mobil;

- If any third party contacts Penthol regarding a prospective sale of the Product in North America, Penthol shall direct the contact to Vertex;

- Penthol must "cc" Vertex on written negotiations of the terms and conditions of sale solicited by Vertex and provide Vertex with a reasonable opportunity to listen to or observe telephonic, virtual, or in-person meetings;

- Penthol must "cc" Vertex on written communications related to canceling, terminating or modifying Purchase Contracts and provide Vertex with a reasonable opportunity to listen to or observe telephonic, virtual, or in-person meetings related to same; and

- Vertex is granted the right to examine the records of not only Penthol, but also any and all entities acting in concert or active participation with Penthol relating in way to the supply of the Product in North America.

## Argument and Analysis

### I. Penthol Was Deprived of the Right to Present Witnesses at the Hearing.

Basic principles of due process include the opportunity to be heard. *See Highsmith v. Highsmith*, 587 S.W.3d 771, 778 (Tex. 2019); *Crowe v. Smith*, 151 F.3d 217, 230–31 (5th Cir. 1998). At an evidentiary hearing, due process requires the opportunity for a party to call its own witnesses and present evidence, not merely cross-examine witnesses presented by the opposing party. *Cf. Aoude v. Mobil Oil Corp.*, 862 F.2d 890, 894 (1st Cir. 1988) (explaining that due process requires a "fair opportunity to present relevant facts and arguments to the court, and to counter the opponent's submissions"). ███████████████████████████████

████████████████████████████████████████████

This process is indefensible, and the Temporary Injunction must be vacated on this basis, alone.

Texas courts interpret their procedural rules to require an adequate opportunity to be heard: "Rule 681 of the Texas Rules of Civil Procedure provides that 'no temporary injunction shall be issued without notice to the adverse party,' thus implying that there will be an adequate opportunity to be heard." *Schmitz v. Denton County Cowboy Church*, 550 S.W.3d 342, 351 (Tex. App.—Fort Worth 2018, pet. denied). "The opportunity to be heard and present evidence must amount to more than the mere right to cross-examine the other party's witnesses." *Elliott v. Lewis*, 792 S.W.2d 853, 855 (Tex. App.—Dallas 1990, no writ). Although "the trial court may impose reasonable limitations upon the parties' presentation of evidence in a temporary injunction hearing," "a party may not be deprived of the right to offer any evidence." *Id.* And any limitation on the presentation of evidence "cannot be arbitrary in its nature, or it will be considered an abuse of discretion on the part of the trial judge." *Id.* (citation omitted).

These rules are consistent with the rules that apply at trials: "[T]he trial court is not authorized to render a judgment against the defendant in an action before he has had an opportunity to present his defense and has rested his case." *Gibson v. Shaver*, 434 S.W.2d 462, 464 (Tex. Civ. App.—Tyler 1968, no writ); *Roberts v. Roberts*, 10-05-00134-CV, 2006 WL 301099, at *5 (Tex. App.—Waco Feb. 8, 2006, pet. denied) (same); *Great Lakes Eng'g, Inc. v. Andersen*, 627 S.W.2d 436 (Tex. App.—Houston [1st Dist.] 1981, no writ).

Likewise, federal courts recognize that in granting injunctive relief, a defendant is entitled to an opportunity to be heard. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda*, 415 U.S. 423, 439 (1974) ("[O]ur entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute."); *Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 131 (5th Cir. 1990) ("The courts consistently have treated rule 65(a)(1) as mandatory and have not

hesitated to dissolve preliminary injunctions issued without notice or the opportunity for a hearing on disputed questions of fact and law."); *Williams v. McKeithen*, 939 F.2d 1100, 1105 (5th Cir. 1991) ("This notice requirement, with few exceptions, implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." (internal quotation marks omitted)). "The right to present evidence is, of course, essential to the fair hearing required by the Due Process Clause." *Jenkins v. McKeithen*, 395 U.S. 411, 429 (1969).

Here, the State Court allowed Vertex to fully present its case but limited Penthol to conducting cross examinations of the witnesses Vertex chose to call.



Under Texas law, the procedure was error and requires reversal of the Temporary Injunction. *Gibson*, 434 S.W.2d at 463; *Elliott*, 792 S.W.2d at 855; *see also Great Lakes Eng'g, Inc. v. Andersen*, 627 S.W.2d 436, 437 (Tex. App.—Houston [1st Dist.] 1981, no writ) ("In this instance, the trial court terminated the hearing prior to appellant resting or appellee presenting his defense, and neither party was permitted to make a bill of exceptions to show what their additional evidence would have been. Under these circumstances we hold that it is not necessary that the record reflect what the evidence may have been from appellant's witness' who were not permitted to testify. We sustain the appellant's fifth point of error, and hold that the trial court abused its discretion in not allowing the appellant to fully develop its evidence.").

The evidence the State Court barred Penthol from producing was crucial, and, if credited, would have rendered the Temporary Injunction impermissible. ████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████ The State Court denied Penthol an opportunity to present its case, and the Temporary Injunction must be dissolved.

## II. Vertex Failed to Prove that It Would Suffer Irreparable Harm.

At the hearing, Vertex failed to prove that it would suffer irreparable harm from breaches of the Agreement that would be prevented by the Temporary Injunction. To obtain an injunction, an applicant must plead and prove "a probable, imminent, and irreparable injury in the interim." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). Vertex's allegations of the various ways that it would suffer irreparable harm were not supported by the evidence presented and, as its witness Erica Snedegar admitted, not supported by the parties' contract.

████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████



*See Clovis Corp. v. Lubbock Nat. Bank*, 194 S.W.3d 716, 719 (Tex. App.—Amarillo 2006, no pet.) ("[W]here there already exists an express term covering a particular subject, no implied term can exist encompassing the same subject.").

---

[7]

But Ms. Snedegar is not a plaintiff in this lawsuit and not party to any agreement with Penthol. The alleged injury to Ms. Snedegar's reputation and relationships cannot justify an injunction in favor of Vertex.

███████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████ and not

prevented by the Temporary Injunction—it cannot support the State Court's order.

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

Case law makes clear that a party must take reasonable steps to protect its confidential information if it wishes to preserve its confidentiality. *See In re Union Pac. R.R. Co.*, 294 S.W.3d 589, 592 (Tex. 2009) (one of the factors courts weigh to determine whether a trade secret exists is "the extent of measures taken to guard the secrecy of the information."). ██████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

**III. Vertex's Theory of Breach Conflicts with Black-Letter Texas Law.**

Vertex's arguments conflict with the Agreement in another way: its principal argument is that ███████████████████████████████████████████████████████████████

██████████████████████████████████████████

Texas law squarely and unequivocally rejects this argument. Decades ago, the Texas Supreme Court explained the difference between appointment of an "exclusive agent"—in which the principal retains the right to sell independent of the agent—and conveyance of an "exclusive right to sell"—in which the agent has the only right to sell. *Alba Tool & Supply Cov. Indus. Contractors*, 585 S.W.2d 662, 664 (Tex. 1979) ("[W]e recognize that there is a distinction between an 'exclusive agency' and an 'exclusive right to sell.'") (citing *Dallas Electric Supply Co. v. Branum Co.*, 185 S.W.2d 427, 430-31 (Tex. 1945)). Unsurprisingly, the Texas courts of appeals follow the Texas Supreme Court: "If an owner gives the broker an exclusive right to sell, the owner is precluded from selling the property independent from the broker. In an exclusive agency, the principal has a right to sell without the involvement of the agent[.]" *Wade Oil & Gas, Inc. v. Telesis Operating Co.*, 417 S.W.3d 531, 537 (Tex. App.—El Paso 2013, no pet.); *see also Silva v. Reliant Energy Power Generation, Inc.*, No. 14-09-00809-CV, 2011 WL 782036, at *4 (Tex. App.—Houston [14th Dist.] Mar. 8, 2011, no pet.) ("The fact that a person is an exclusive agent, by itself, does not deprive the principal of the right to sell without paying a commission to the agent."); *Lewis v. Smith*, 198 S.W.2d 598, 600 (Tex. Civ. App.—Fort Worth 1946, writ dism'd) ("Our courts, as well as those in other jurisdictions, make a distinction in liability for brokerage, between contracts for mere exclusive agencies and those which grant the exclusive right to sell.").

Secondary sources recognize this distinction: "Under an 'exclusive agency to sell' listing, as distinguished from an 'exclusive right to sell' contract, the owner does not surrender his individual right to sell the property." 10 Tex. Jur. 3d Brokers § 87; *see* 3 Tex. Jur. 3d Agency § 184.

████████████████████████████████████████████████████████

████████████████████████████████████████████████ The well-established meaning of "exclusive agent" is fatal to Vertex's arguments. Vertex cannot twist the contract into providing it with an exclusive right to sell.[9]

Vertex has no answer to this authority. It identified no Texas case that supports its misinterpretation of the Agreement. Regardless of the State Court's errors, this Court must follow the Texas Supreme Court. *See Am. Nat. Gen. Ins. Co. v. Ryan*, 274 F. 3d 319, 328 (5th Cir. 2001) ("Under the *Erie* doctrine, we are bound in diversity cases to apply the substantive law of the forum state as interpreted by the state's highest court."). Because Vertex's theory of breach conflicts with black-letter Texas law, the Temporary Injunction must be dissolved.

## IV. The Temporary Injunction Disrupts the Status Quo.

In addition, the Temporary Injunction must be dissolved because it disrupts—rather than preserves—the status quo. The sole purpose of a temporary injunction is to preserve the status quo pending trial on the merits. *See Butnaru*, 84 S.W.3d at 204. The "status quo" is the "last, actual, peaceable, non-contested status which preceded the pending controversy." *In re Newton*, 146 S.W.3d 648, 651 (Tex. 2004) (internal quotation marks omitted). "The last, actual peaceable, non-contested status between the parties preceding the controversy was the parties' ordinary

---

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

course of operation." *Plano Data v. BP Am. Prod. Co.*, No. 05-16-00968-CV, 2016 WL 7230392, at *2 (Tex. App.—Dallas Dec. 14, 2016, no pet.).



The Temporary Injunction restricts Penthol's ability to directly communicate with its customers, thereby improperly disrupting the status quo

---

[10] Redacted copies of Penthol's temporary injunction hearing exhibits 6, 8, 12, 13, 14, 18, 19, 20, 21, 24, 26, 28, 80, and 84 are attached as Exhibits D through Q to this motion. Unredacted copies of these exhibits are attached as part of Exhibit 1 to Penthol's Unopposed Motion for Leave to File Documents Under Seal.

as presented at the hearing.  ECF No. 1-7.  On the other hand, Vertex presented no evidence that the provisions of the Temporary Injunction represent the status quo.

Paragraphs (a) and (b) of the Temporary Injunction prohibit Penthol from marketing, promoting, or soliciting the sales of the Product and from communicating with current customers and Exxon Mobil to solicit the sales of, market, or promote the Product.  ECF No. 1-7 ¶¶ (a)-(b). But there is no evidence that under the parties' pre-dispute operations, Penthol was ever restricted from marketing, promoting, or soliciting sales to any customer, whether prospective or current.

Paragraph (c) of the Temporary Injunction requires Penthol to direct prospective sales to Vertex.  ECF No. 1-7 ¶ (c).  But there is no evidence that under the parties' pre-dispute operations, when a prospective customer contacted Penthol that Penthol would immediately redirect that customer to Vertex rather than speaking with the prospective customer itself.

Similarly, paragraphs (d)(3) and (d)(4) require Penthol to copy ("cc") Vertex on negotiations and communications and provide Vertex a reasonable opportunity to listen to or observe telephonic, virtual, or in-person meetings.  ECF No. 1-7 ¶ (d).  Again, Vertex failed to present any evidence that this was the parties' ordinary practice before this dispute arose.

## V.  Much of the Temporary Injunction Was Undiscussed at the Hearing and Unsupported by Any Evidence.

Many provisions of the Temporary Injunction went entirely undiscussed at the hearing and were unsupported by any evidence (or even argument) presented by Vertex.

Paragraph (a) of the Temporary Injunction purports to bind Penthol's "Affiliates (including Penthol C.V.)," ECF No. 1-7 ¶ (a), but Penthol C.V. is not a party to the Agreement and is not a defendant in this litigation.  Vertex presented no evidence regarding Penthol C.V. (or any other affiliate of Penthol) at the hearing.  The State Court unquestionably erred by imposing obligations under the Temporary Injunction that were unsupported by any evidence.

Paragraph (b) of the Temporary Injunction purports to extend not only to "customers," (without making it clear if "customers" has the same meaning as the defined term ("Customers") in the Agreement) but also (and without any contractual or evidentiary support) to "Exxon Mobil." ECF No. 1-7 ¶ (b). Penthol never sold Group III Base Oils to Exxon Mobil, and Exxon Mobil is not a Customer under the Agreement. *See* Ex. C. Vertex presented no evidence or argument for how the Temporary Injunction could possibly extend beyond "Customers" to include "Exxon Mobil."

Paragraph (e) of the Temporary Injunction—which gives Vertex the right to examine the records of any and all entities acting in concert or active participation with Penthol—was not discussed at all or supported by any evidence presented at the hearing. There is certainly no evidence that this injunction was necessary to prevent irreparable harm to Vertex, and there was no evidence that this portion of the injunction merely preserves the status quo. ███████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████

The over breadth of the Temporary Injunction demonstrates the State Court's lack of care. The court signed the proposed order Vertex submitted, despite the fact that many of the provisions were not discussed during the hearing and are facially meritless.

**CONCLUSION**

For the foregoing reasons, this Court should dissolve the Temporary Injunction. And for the reasons detailed in the simultaneously filed Motion for Emergency/Expedited Hearing, this Court should dissolve the Temporary Injunction immediately.

Respectfully submitted,

**THOMPSON & KNIGHT LLP**

By:    /s/ William M. Katz Jr.
          *Attorney-in-Charge*
          William M. Katz, Jr.
          Texas Bar No. 00791003
          S.D. Tex. Bar No. 21581
          William.Katz@tklaw.com

          One Arts Plaza
          1722 Routh Street, Suite 1500
          Dallas, TX 75201
          214-969-1700 (Telephone)
          214-969-1757 (Facsimile)

**ATTORNEYS FOR DEFENDANT
PENTHOL LLC**

*Of Counsel*

**THOMPSON & KNIGHT LLP**

J. Michael Bell
Texas Bar No. 02079200
S.D. Tex. Bar No. 5574
michael.bell@tklaw.com
Caitlin E. Gernert
Texas Bar No. 24093140
S.D. Tex. Bar. No. 3306023
caitlin.gernert@tklaw.com
Dina W. McKenney
State Bar No. 24092809
S.D. Tex. Bar. No. 3501700
Dina.McKenney@tklaw.com
811 Main Street, Suite 2500
Houston, Texas 77002
Telephone: (713) 654-8111
Facsimile: (713) 654-1871

**MORGAN, LEWIS & BOCKIUS LLP**

Winstol D. Carter, Jr.
Texas State Bar No. 03932950
S.D. Tex. Bar. No. 2983
winn.carter@morganlewis.com
William R. Peterson
Texas State Bar No. 24065901
S.D. Tex. Bar. No. 1035932
william.peterson@morganlewis.com
Lewis A. Smith
Texas State Bar No. 24088439
S.D. Tex. Bar. No. 2292401
lewis.smith@morganlewis.com
Heidi Rasmussen
Texas State Bar No. 24090345
S.D. Tex. Bar. No. 3027157
heidi.rasmussen@morganlewis.com
1000 Louisiana Street, Suite 4000
Houston, Texas 770027
Telephone: (713) 890-5000
Facsimile: (713) 890-5001

## CERTIFICATE OF CONFERENCE

I certify that on December 10, 2020, I emailed Plaintiff's counsel to ask whether Plaintiff opposes this motion. Plaintiff's counsel stated that Plaintiff opposes the motion.

/s/ *Lewis A. Smith*
Lewis A. Smith

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2020 a true and correct copy of the foregoing document was filed with the Clerk's Office using the Court's CM/ECF system.

/s/ *Winstol D. Carter, Jr.*
Winstol D. Carter, Jr.