UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VERTEX ENERGY OPERATING, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-3901 |
| | § | |
| PENTHOL LLC, | § | |
| | § | |
| Defendant. | § | |

## <u>ORDER</u>

Before the Court are Plaintiff's Motion to Remand (Doc. #20), Defendant's Response (Doc. #30), and Plaintiff's Reply (Doc. #33). The Court also held a hearing on the Motion to Remand and other motions on December 15, 2020. Having reviewed the parties' arguments and applicable legal authority, the Court grants the Motion to Remand.

### I.    Background

Plaintiff Vertex Energy Operating, LLC filed suit against Defendant Penthol LLC in the 61st District Court of Harris County, Texas on October 13, 2020 for breach of contract. Doc. #20 at 1. Plaintiff simultaneously filed an Application for Temporary Restraining Order ("TRO"), Temporary Injunction, and Permanent Injunction. *Id.* On the same day, Plaintiff emailed the Petition to Defendant and both parties appeared for a TRO hearing, where the state court entered Plaintiff's proposed TRO subject to two changes. *Id.* at 1–2, Ex. 1, Ex. 2 at 2.

Two days after the TRO hearing, Plaintiff sent an email to Defendant asking, "for the purposes of [Defendant's] answer deadline can [Plaintiff] consider our emails to [Defendant's registered agent] on Tuesday [October 13] as sufficient service of the Petition itself?" Doc. #30, Ex. 1 at 4. Defendant responded on October 19 that it could

agree that formal service of the Original Petition is not necessary. [Defendant] will

agree to accept service, and will further agree that the deadline for Defendant to answer or otherwise respond will be on or before Monday, November 16, 2020. Please respond by email as a Rule 11 agreement between the parties.

*Id.* at 2. Later that day, Plaintiff responded:

To summarize the emails below, you agreed to accept service of the Petition and TRO by email. You received the TRO on October 13, and I've re-attached the file-stamped redacted copy of the Petition and an unredacted copy of the Petition. We agree that [Defendant's] deadline to answer or otherwise respond to the Petition will be on or before Monday, November 16, 2020.

*Id.* On November 10, the 61st Judicial District Court held an evidentiary hearing and entered a Temporary Injunction. Doc. #20 at 2. On November 16, Defendant filed its Answer in state court as well as an Accelerated Appeal of the Temporary Injunction, which is currently stayed in the Fourteenth Court of Appeals. *Id.* at 2–3. The next day, Defendant filed its Notice of Removal in this Court. Doc. #1. Plaintiff filed its Motion to Remand (the "Motion") on December 14, 2020, arguing that Defendant's removal was untimely based on its appearance at the October 13 TRO hearing. Doc. #20 at 1. Defendant argues that it did not waive service at the TRO hearing, that removal was timely based on the parties' Rule 11 agreement, or that in the alternative exceptional circumstances justify granting a five-day extension. Doc. #30 at 5. The Court heard oral arguments on the Motion on December 15, 2020.

## II.    Legal Standards

"Because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (internal quotations omitted). A defendant must file a notice of removal within 30 days of receiving, "through service or otherwise," a copy of the initial pleading setting forth the basis for removal. 28 U.S.C. § 1446(b). The removal period begins "only upon service of a summons or other authority-asserting measure" that makes the party

"subject to [the] court's authority." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 356 (1999); *see also Thompson v. Deutsche Bank Nat. Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014) ("Only after a party is subject to the powers of a court, must it seek to effect removal."). Formal service of process or waiver of service start the 30-day clock. *Bebee v. Motorola Sols., Inc.*, No. 4:16-CV-763, 2017 WL 1180428, at *2 (S.D. Tex. Mar. 29, 2017) (collecting cases). Though the removal deadline is federal law, "the term service of process is defined by state law," and therefore this Court must evaluate propriety of service under Texas law. *See Thompson*, 775 F.3d at 304 (internal quotations omitted).

### III. Analysis

#### a. Waiver of Service under Rule 120

Plaintiff argues that based on Texas Rule of Civil Procedure 120, Defendant's 30-day removal period began on October 13, 2020 when Defendant waived service by appearing in open court and participating in the TRO hearing, thus making November 12 the deadline for removal. Doc. #20 at 5. Defendant argues that its appearance at the TRO hearing did not waive service because it was an ancillary proceeding that did not address the merits of the case. Doc. #30 at 10.

Under Texas law, "[t]he defendant may, in person, or by attorney . . . enter an appearance in open court. Such appearance . . . shall have the same force and effect as if the citation had been duly issued and served as provided by law." Tex. R. Civ. P. 120. Specifically, "a person waives service by making a general appearance before the court." *Werner v. Colwell*, 909 S.W.2d 866, 869–70 (Tex. 1995) (citing Tex. R. Civ. P. 120 and 124, both of which call for "an appearance"). Applying Rule 120 to 28 U.S.C. § 1446(b), "a defendant may waive service (and therefore start the 30-day removal clock) by entering a[ general] appearance." *Bebee*, 2017 WL 1180428 at *3.

"[A] party enters a general appearance when it (1) invokes the judgment of the court on

3

any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court." *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004). Though "merely observing a proceeding without participating" is insufficient, actively participating in a proceeding recognizes that the court has jurisdiction over the parties and constitutes a general appearance. *Beistel v. Allen*, No. 01-06-00246-CV, 2007 WL 1559840, at *3 (Tex. App.—Houston [1st Dist.] May 31, 2007) (general appearance made when defendant objected to admission of evidence); *see also Kaufman v. AmeriHealth Lab.*, LLC, No. 05-20-00504-CV, 2020 WL 6375336, at *4 (Tex. App.—Dallas Oct. 30, 2020) (general appearance made when defendant "voluntarily appeared through counsel at the TRO hearing [and] succeeded in modifying the TRO based on counsel's arguments").

Here, Defendant voluntarily appeared at the October 13 TRO hearing and argued against the TRO. Doc. #20 at 1–2. Neither the Texas Supreme Court nor the Fifth Circuit have endorsed Defendant's claim that a party can never make a general appearance at an ancillary proceeding and multiple Texas Courts of Appeals have explicitly rejected it. *Schoendienst v. Haug*, 399 S.W.3d 313, 314 n.8 (Tex. App.—Austin 2013, no pet.); *Kaufman*, 2020 WL 6375336 at *5. By actively participating in the TRO hearing and convincing the state court to modify the TRO, Defendant recognized through its acts that it was "subject to [the] court's authority" and that the case was properly pending before that court. *See Murphy Bros.*, 526 U.S. at 356; *Trejo*, 142 S.W.3d at 304; *Kaufman*, 2020 WL 6375336 at *5; Doc. #20, Ex. 2 at 2. Therefore, Defendant "waive[d] service by making a general appearance before the court." *See Werner*, 909 S.W.2d at 869–70; Tex. R. Civ. P. 120.

Accordingly, the Court finds that the 30-day removal clock began on October 13, 2020. *Bebee*, 2017 WL 1180428 at *3.

### b. Rule 11 Agreement

Defendant argues that its appearance in open court is not relevant to the removal deadline because the parties' Rule 11 agreement ("Agreement") bars Plaintiff's timeliness argument. Doc. #30 at 9. Plaintiff argues that even if parties have the power to extend the 30-day removal deadline through a Rule 11 agreement, their Agreement was about Defendant's deadline to answer in state court, not the deadline to remove to this Court. Doc. #33 at 4. A court has "a duty to enforce" the terms of a valid Rule 11 agreement. *Fortis Benefits v. Cantu*, 234 S.W.3d 642, 651 (Tex. 2007). "Rule 11 agreements are contracts" subject "to general rules of contract construction." *Trudy's Texas Star, Inc. v. City of Austin*, 307 S.W.3d 894, 914 (Tex. App.—Austin 2010). "Contract terms are given their plain, ordinary, and generally accepted meanings." *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex. 2005). Courts must "consider the entire writing and attempt to harmonize and give effect to all the provisions of the contract." *Frost Nat. Bank v. L & F Distributors, Ltd.*, 165 S.W.3d 310, 312 (Tex. 2005). "[A] contract is ambiguous if it is susceptible to more than one reasonable interpretation." *Frost Nat. Bank*, 165 S.W.3d at 312.

Here, Defendant does not offer, and the Court cannot find, any precedent where the "strictly construed" removal deadline was extended by a Rule 11 agreement. *Cf. Bell, Nunnally & Martin, P.L.L.C. v. Shaffer*, No. CIV. 3:99CV2701H, 2000 WL 54384, at *2 (N.D. Tex. Jan. 21, 2000) (remanding where defendant "cite[d] no authority that [the] statutory [removal] deadline can, in fact, be extended by agreement of the parties"). But even if such an act is possible, the plain meaning of the Agreement is at best ambiguous about whether it applies to Defendant's removal deadline. The Agreement states that it was initiated "for the purpose[] of [Defendant's] answer deadline," that "formal service of the Original Petition is not necessary," and that "the deadline for Defendant to answer or otherwise respond will be on or before Monday, November 16, 2020."

Doc. #30, Ex. 1 at 4, 2.  The removal deadline at issue now is not mentioned in the Agreement.

Other courts faced with similar agreements have found that an agreement to extend the answer deadline does not extend the removal deadline.  *Intactix Int'l, Inc. v. Scanline Data Corp.*, No. CIV.A.3:99-CV-0049-L, 1999 WL 324675, at *2 (N.D. Tex. May 13, 1999) (finding that an agreement "to extend the answer deadline" was not relevant to the deadline "for removal to federal court"); *Miller v. Provident Advert. & Mktg., Inc.*, No. 2:11-CV-00066, 2012 WL 384860, at *3 (N.D. Miss. Feb. 6, 2012) ("[A]n agreement to extend the time to file responsive pleadings does not simultaneously extend the deadline for filing notice or consent to removal.").  Recognizing that all doubts must be resolved in favor of remand, the Court finds that the Agreement extending the state-court answer deadline did not extend the federal-court removal deadline.  *See Gutierrez*, 543 F.3d at 251.

### c.  Exceptional Circumstances

Finally, Defendant argues that even if it waived service by making an appearance in open court on October 13, exceptional circumstances justify a five-day extension of the removal deadline.  Doc. #30 at 13.  In *Brown v. Demco, Inc.*, the Fifth Circuit noted that "[e]xceptional circumstances might permit removal even when a later-joined defendant petitions [for removal] more than precisely thirty days after the first defendant is served."  792 F.2d 478, 482 (5th Cir. 1986).  However, courts have only considered whether "exceptional circumstances" justify tolling the "strictly construed" removal deadline in cases involving multiple defendants served at different times.  *See e.g. Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020) (declining to "insert a new exception" outside of the *Demco* context); *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 n.12 (5th Cir. 1988)*; Air Starter Components, Inc. v. Molina*, 442 F. Supp. 2d 374, 379 (S.D. Tex. 2006).

In light of the "limited federal court jurisdiction" that compels courts "to resolve any doubt about removal in favor of remand," the Court declines to expand this exception to cases involving one defendant. *State v. Kleinert*, 855 F.3d 305, 311 (5th Cir. 2017).

## IV.    Conclusion

For the foregoing reasons, the Court finds that Defendant did not remove this case within the statutory deadline. Accordingly, the Motion is hereby GRANTED. This case is REMANDED to the 61st District Court of Harris County, Texas.

It is so ORDERED.

January 29, 2021                                    _____
Date                                                    The Honorable Alfred H. Bennett
                                                            United States District Judge